Justin M. Fenton
330 Black Rock Aws Dr
Henderson, NV 89014
Phone: 702-858-0951
Cell: 702-501-4526
justin2mv@aol.com

RECEIVED
AND FILED

Nov 5  1 31 PM '10

Debtor(s), *Pro Se*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

\* \* \* \* \*

In Re: Justin M. Fenton

(Name(s) of Debtor(s))

Debtor(s)

Bankruptcy No.: 09-29678-lbr

Chapter: (☒ 7 / ☐ 13)

Hearing Date:
Hearing Time:

### OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY AND CERTIFICATE OF MAILING

(Real Property)

The Debtor(s) oppose(s) the Motion For Relief From Stay, filed by Gregory L Wilde on behalf of Saxon Mortgage Service, Inc (Creditor), on the grounds set forth below.

1. Procedural posture of the case:
    a. Debtor filed a Petition under Chapter: (☐ 7 / ☐ 13) on _____ (*date*).
    b. If applicable, the Bankruptcy converted to Chapter: (☐ 7 / ☐ 13) on _____ (*date*).
    c. If a Chapter 13 Bankruptcy, the Chapter 13 plan was confirmed on
       _____ (*date*), or a confirmation hearing is set for _____ (*date*).
2. Prior bankruptcy cases:
    a. Debtor previously filed a petition under Chapter: (☒ 7 / ☐ 13) on 10/19/2010 (*date*).
    b. If applicable, the prior case was dismissed on _____ (*date*).

Opposition to Motion to Lift Stay (Real Property); November 2010   Prepared as a courtesy by Legal Aid Center of Southern Nevada
This pleading should not be relied on as legal authority. Reference should be made to the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules, and other applicable law.

1

3. If this is a Chapter 13 Bankruptcy, answer the following:

    a. Have all payments been made to the Chapter 13 Trustee?

        ☐ Yes        ☐ No

    If no, state how many payments Debtor has missed: _____

    b. Have all post-petition mortgage payments been made to the Creditor?

        ☐ Yes        ☐ No

    If no, state how many payments Debtor has missed: _____

4. The following real property ("Property") is the subject of this Motion for Relief From Stay:

    a. Property location:

    Physical Street Address: 330 Black Rock Hills Drive

    City: Henderson    County: Clark    State: NV

    b. Fair Market Value; Debtor:

    ☐ agrees with Creditor's contention of "APPRAISAL of OPINION as to VALUE" of the Property, as listed on the § 362 Information Cover Sheet, *or*

    ☒ disagrees with Creditor's contention of value, and has listed Debtor's contention of value on the attached copy of the § 362 Information Cover Sheet.

5. Terms of Creditor's contract with Debtor; Debtor:

    ☐ agrees with Creditor's contentions of "TERMS of MOVANT'S CONTRACT with the DEBTOR(S)" as listed on the § 362 Information Cover Sheet, *or*

    ☒ disagrees with Creditor's contentions, and makes the following contentions:

        ☐ Amount of Note: $_____

        ☐ Interest Rate: _____

        ☐ Duration: _____

        ☒ Payment per Month: $ 2574.63

        ☒ Date of Default: September 01, 2010

        ☒ Amount in Arrears: $ $3,933.60

        ☒ Date of Notice of Default: No Notice Provided

        ☒ Special Circumstances: Additional Borrower is on Note. Refer to Exhibit A.

Opposition to Motion to Lift Stay (Real Property); November 2010     Prepared as a courtesy by Legal Aid Center of Southern Nevada
This pleading should not be relied on as legal authority. Reference should be made to the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules, and other applicable law.

6. Is the Property insured? (*check only one*)

    ☒ Yes     ☐ No     ☐ Don't Know

    a. If insured, who pays the premiums for the insurance policy on the Property?

         ☐ Debtor      ☒ Creditor      ☐ Other: _____

    b. If insured, state the name of the insurance carrier: __TRAVELERS__

    c. If insured, state the amount of insurance on the Property: __$370,000__

7. Encumbrances on the Property; Debtor:

    ☒ agrees with Creditor's contentions of "The EXTENT and PRIORITY of LIENS" on the Property, as listed on the § 362 Information Cover Sheet, *or*

    ☐ disagrees with Creditor's contention of liens on the Property, and has listed Debtor's contentions on the attached copy of the § 362 Information Cover Sheet.

8. Equity in the Property:

    a. $ __225,000.00__ Fair Market Value (from § 362 Information Cover Sheet)

    b. $ __369,829.92__ Total Encumbrances (from § 362 Information Cover Sheet)

    c. $ __144,829.92__ (☐ **positive** / ☒ **negative**) equity in the Property (8(a) - 8(b))

9. Loan Modification on the Property:

    a. Debtor (☒ **has** / ☐ **has not**) attempted to modify the loan with the Creditor.

    b. If so, state the date Debtor submitted the completed loan modification application and supporting documentation to the Creditor: __08/27/10__ (*date*).

    c. If so, indicate the current status of the loan modification: (*check only one*)

         ☐ Approved     ☐ Denied     ☒ In Process     ☐ Don't Know

    ☒ d. This loan modification / refinance is a government mandated program in which: 1) the Creditor participates, 2) Debtor qualifies for, under its requirements, and 3) Debtor has submitted a completed application with all supporting documentation.

    e. APPLIED FOR LOAN MODIFICATION WITH SAXON ON 08/27/10 AND THROUGH GOVERNMENT'S HAMP PROGRAM ON 10/03/10

///
///
///
///

Opposition to Motion to Lift Stay (Real Property); November 2010    Prepared as a courtesy by Legal Aid Center of Southern Nevada
This pleading should not be relied on as legal authority. Reference should be made to the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules, and other applicable law.

3

10. Grounds for Opposition to the Motion For Relief From Stay: (*check all that apply*)

☐ a. This Court may not hear the Motion because it was improperly served under (*check all that apply*): ☐ Fed. R. Bankr. P. 9014; ☐ LR 9014.

☒ b. This Court may not hear the Motion because the Creditor did not communicate with the debtor in good faith in an attempt to resolve this matter before filing the motion.

☐ c. This Court may not hear the Motion because the Creditor lacks standing and is not the real party in interest because it does not hold the note that secures the Property's deed of trust;

☐ d. The Creditor's Motion fails to sufficiently establish a lack of equity as to justify that its interest is not adequately protected;

☐ e. The Creditor's interest in the Property is adequately protected because: (*check all that apply*)

    ☐ i. there is substantial equity in the Property to protect Creditor's interests;

    ☐ ii. debtor will pay $_____ per month to Creditor to adequately protect Creditor's interest;

    ☐ iii. although Debtor is in arrears, Debtor will need until _____ (*date*) to cure, and intends to stay current on all future post-petition payments;

    ☐ iv. the Debtor (☐ **has filed** / ☐ **has converted to**) a Chapter 13 Bankruptcy, and: (*check all that apply*)

        ☐ 1. the Chapter 13 plan will cure any arrearages, and will ensure the Debtor stays current on all future post-petition payments;

        ☐ 2. the Property has equity that is necessary for an effective reorganization;

☐ f. Contrary to the allegations made in the Creditor's Motion, Debtor is not late on payments, and (☐ **can** / ☐ **cannot**) provide proof of payments;

☒ g. The debtor has applied for a loan modification which: ☐ has been approved / ☒ is currently being reviewed by Creditor;

Opposition to Motion to Lift Stay (Real Property); November 2010    Prepared as a courtesy by Legal Aid Center of Southern Nevada
This pleading should not be relied on as legal authority. Reference should be made to the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules, and other applicable law.

1  ☐ h. The Creditor is not entitled to relief to lift stay because its lien is subject to
2  avoidance under 11 U.S.C. § _____, § _____, and /or § _____.
3  11. PLEASE REFER TO EXHIBIT B ATTACHED FOR ADDITIONAL INFORMATION.
4  Therefore, Debtor(s) respectfully ask(s) this Court to:
5      1. Deny the Motion For Relief From Automatic Stay;
6      2. If the Court finds relief necessary, then to condition or modify the stay according
7         to the grounds set forth above; and/or
8      3. If the Court lifts the stay, Debtor(s) respectfully ask(s) the Court to order Creditor
9         to issue a new Notice of Default pursuant to NRS 107.080, allowing the Debtor to
10        participate in foreclosure mediation as provided for in NRS 107.087.

Date: 11/05/2010

Submitted by:

_____ *(Debtor 1 Signature)*
Justin M. Fenton _____ *(Debtor 1 Name)*

_____ *(Debtor 2 Signature)*
_____ *(Debtor 2 Name)*

Debtor(s), *Pro Se*

Copies mailed to all parties

Opposition to Motion to Lift Stay (Real Property); November 2010    Prepared as a courtesy by Legal Aid Center of Southern Nevada
This pleading should not be relied on as legal authority. Reference should be made to the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules, and other applicable law.

RECEIVED
AND ...

# CERTIFICATE OF MAILING OF
# OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY
(Real Property)

I hereby certify that I mailed copies of the above-named documents on __11/5/10__ *(date mailed)*, by depositing a copy, postage prepaid, in the United States Mail, to the parties and addresses set forth below *(the Opposition must be mailed to the Creditor that filed the Motion to Lift Stay, **and** to the Chapter 7 or Chapter 13 Trustee)*:

Creditor:
Wilde & Associates
Gregory L. Wilde, Esq.
Nevada Bar No. 004417
212 S Jones Blvd
Las Vegas, NV 89107
bk@wildelaw.com

Mark S. Bosco, Esq.
Arizona Bar No. 010167
Tiffany & Bosco, P.A.
2525 E. Camelback Road, Suite 300
Phoenix, AZ 85016

Trustee:
David A. Rosenberg
5030 Paradise Road, Suite 215B
Las Vegas, NV 89119
darosenberg@7trustee.net

Date: __11/05/10__

Submitted by:
_[signature]_ *(Debtor 1 Signature)*
__Justin M. Fenton__ *(Debtor 1 Name)*

_____ *(Debtor 2 Signature)*
_____ *(Debtor 2 Name)*
Debtor(s), *Pro Se*

Opposition to Motion to Lift Stay (Real Property); November 2010    Prepared as a courtesy by Legal Aid Center of Southern Nevada
This pleading should not be relied on as legal authority. Reference should be made to the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules, and other applicable law.

# * * § 362 INFORMATION COVER SHEET * *

Justin M Fenton  
**DEBTOR**  
Saxon Mortgage Services  
**MOVANT**

Case No: 09-29678-lbr  
CHAPTER: 7

MOTION #:

### Certification of Attempt to Resolve the Matter Without Court Action:
Moving counsel hereby certifies that pursuant to the requirements of LR 4001(a)(2), an attempt has been made to resolve the matter without court action, but movant has been unable to do so.

Date: _____  Signature: _____  
                                              Attorney for Movant

PROPERTY INVOLVED IN THIS MOTION: 330 Black Rock Hills Dr; Henderson NV 89014  
NOTICE SERVED ON:  Debtor(s) [✓] ; Debtor's counsel [✓] ; Trustee [✓] ;  
DATE OF SERVICE: 10/26/10

| MOVING PARTY'S CONTENTIONS: | DEBTOR'S CONTENTIONS: |
|---|---|
| The EXTENT and PRIORITY of LIENS: | The EXTENT and PRIORITY of LIENS: |
| 1st Saxon Mortgage Services, Inc. | 1st Saxon Mortgage Services, Inc. |
| 2nd $369,829.92 | 2nd $369,829.92 |
| 3rd | 3rd |
| 4th | 4th |
| Other: | Other: |
| Total Encumbrances: $369,829.92 | Total Encumbrances: $369,829.92 |
| APPRAISAL of OPINION as to VALUE: | APPRAISAL of OPINION as to VALUE: |
| $275,000.00 | $225,000 based on recent sales and listings in the area |

| TERMS of MOVANT'S CONTRACT with the DEBTOR(S):: | DEBTOR'S OFFER of "ADEQUATE PROTECTION" for MOVANT : |
|---|---|
| Amount of Note: $370,000.00 | · $370,000.00 |
| Interest Rate: 7.625 | · 7.625 |
| Duration: 30 year | · 30 year |
| Payment per Month: $2,616.80 | · $2,574.63 |
| Date of Default: August 1, 2010 | · September 1, 2010 |
| Amount in Arrears: $8,733.537 | · Refer to Exhibit A, attached |
| Date of Notice of Default: - | · No notice provided |
| SPECIAL CIRCUMSTANCES: | SPECIAL CIRCUMSTANCES: Refer to Exhibit A, attached |
| SUBMITTED BY: _____ | SUBMITTED BY: Justin M Fenton  SIGNATURE: _____ |

**EXHIBIT "A"**

Below please find a summary of payments that have been made to Saxon Mortgage Services since Chapter 7 Bankruptcy Case No. 09-29678-lbr was filed on October 19, 2010. Documentation of all payments can be provided upon request as needed through previous bank statements and cleared checks.

*Table 1: Summary of Payments to Saxon Mortgage Services*

| Payment Date | Month Applied | Cumulative Amount in Arrears | Comments |
|---|---|---|---|
| 10/19/09 | Nov 2009 | $0.00 | Current |
| 11/19/09 | Dec 2009 | $0.00 | Current |
| 12/28/09 | Jan 2010 | $0.00 | Current |
| 01/25/10 | Feb 2010 | $0.00 | Current |
| 02/24/10 | March 2010 | $0.00 | Current |
| 03/25/10 | April 2010 | $0.00 | Current |
| 04/27/10 | May 2010 | $0.00 | Current |
| 05/26/10 | June 2010 | $0.00 | Current |
| 06/21/10 | July 2010 | $0.00 | Current |
| --/--/-- | -- | $2,616.80 | Payment missed |
| 08/20/10 | Aug 2010 | $2,616.80 | Payment applied to August, September payment missing |
| 10/05/10 | Sep 2010 | $3,933.60 | $1300 payment made applied to September payment, October payment mising |
| --/--/-- | -- | -- | Payments discontinued based on receipt of Notice of Motion of for Relief from Automatic Stay and uncertainty of current situation. A payment of $2,574.63 is scheduled to be owed starting 11/01/10 and for each additional month thereafter. |

Based on the above summary of payments, please consider the following:

- Date of Default is September 01, 2010 as opposed to August 01, 2010 as Creditor contends.
- Amount in Arrears is $3,933.60 as opposed to $7,850.40 as Creditor contends.
- No Notice of Default was ever provided to the Debtor or to the co-borrower, Violet Fenton.
- Special Circumstances:

    I, Justin M Fenton, hereby certify that neither Violet Fenton (co-Borrower) nor I have been contacted by the Creditor or their representative to be informed of the delinquency that was stated by the Creditor. Thusly, the Creditor has failed to make a good faith effort to resolve said delinquency.

Exhibit "A"  Page 1 of 2

In addition, repeated contact has been made by the Debtor to the Creditor with respect to Loan Modifcation requests (both through the government sponsored HAMP program and through Saxon's modification program) and no notice or stated issue with the current delinquency was relayed to the Debtor or co-Borrower at that time.

Lastly, the Debtor in this case is not the sole Note holder for the subject property as there are two Borrowers on the Note as clearly indicated in the Creditor's Exhibit "A" – Deed of Trust. No additional effort was made by the Creditor to notify the co-Borrower regarding the deliquent standing of the Note let alone provision of Notice of Default.

Bk Case No.: 09-29678-lbr   /   Chapter 7

Movant:

SAXON MORTGAGE SERVICES, INC represented by:

| | |
|---|---|
| WILDE & ASSOCIATES | MARK S. BOSCO, ESQ. |
| Gregory L. Wilde, Esq. | Arizona Bar No. 010167 |
| Nevada Bar No. 004417 | TIFFANY & BOSCO, P.A. |
| 212 South Jones Boulevard | 2525 East Camelback Road, Suite 300 |
| Las Vegas, NV 89107 | Phoenix, AZ 85016 |

Debtor:

JUSTIN M. FENTON
330 Black Rock Hills Drive
Henderson, NV 89014
Telephone: 702.838.0951
Cell: 702.501.4526
justin2mv@aol.com, jfenton@carollo.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

---

In re: OBJECTION TO MOTION FOR RELIEF FROM AUTOMATIC STAY
**Bk Case No.:**        **09-29678-lbr**
HEARING DATE:     12/1/2010
HEARING TIME:      10:30 am

---

TO THE HONORABLE LINDA B. RIEGLE, THE MOVANT, THE MOVANT'S ATTORNEY OF RECORD AND THE CHAPTER 7 TRUSTEE, AND OTHER INTERESTED PARTIES:

Please find this letter as further explanation to the Objection to Motion for Relief from Automatic Stay that was filed with respect to the property located at 330 Black Rock Hills

EXHIBIT "B"   Page 1 of 4

Drive, Henderson, Nevada 89014 and a part of Chapter 7 Bankruptcy Case Number 09-29678-lbr.

Please address all future correspondence directly to the Debtor, JUSTIN M. FENTON, via the physical mailing address or electronic mailing addresses provided above. HOWARD C. KIM, Esq. is no longer the Debtor's representative and has not forwarded information to the Debtor thus resulting in delay of response and reduction of the Debtor's time available to respond.

The primary grounds for Objection to the Motion are the following, as listed in Item 10 of the document: (1) The Creditor failed to communicate with both the Debtor and the co-Borrower in an attempt to resolve this matter prior to filing this Motion and (2) the Debtor has previously applied for a loan modification which is currently under review.

Per item 1 listed above, it should be noted that:

- Both the Debtor and co-Borrower have been in contact with Saxon Mortgage Services, Inc. (Movant) since July 2010 in an effort to obtain a loan modification.

- Throughout multiple verbal and written correspondences with the Movant in that time, no notice of default or attempt of resolution to any delinquency was provided by the Movant at that time.

- Movant made not attempt to notify the co-Borrower, Violet Fenton, of any delinquent status though they never filed for Bankruptcy protection at any time.

- Movant has supplied no written statements or allowed internet account access since the filing for Bankruptcy in October 2009 and thus there have been no other means to verify the status of the account other than through telecommunication.

- Movant's stated delinquency status does not match current records of payments that were discovered by the Debtor.

- Debtor was aware of some degree of delinquency and thus contacted Movant regarding the viability of a Loan Modification and proceeded to complete all required paperwork upon receipt and returned it to the Movant in a timely fashion. Debtor believes that this does show a good faith effort being made and believed that Movant was proceeding in the direction of a modification.

Per item 2 listed above, it should be noted that:

- Movant was contacted the month of the first missed payment and requested Loan Modification Paperwork.

- Debtor completed all applicable forms and provided requested information for Movant's modification program on August 27, 2010.

- Movant later required application through the government sponsored HAMP program. This information was collected and returned on October 03, 3010. Debtor meets all requirements of this program – application is available if required for confirmation.

- Debtor has regularly contacted Movant regarding application status and has provided all requested information in a timely manner to assist said applications.

I would like to note that the first missed payment and request for a loan modification came after receipt of notice that the case was discharged on July 20, 2010. When originally filing for Bankruptcy in October 2009, my previous attorney stated that a loan modification was not an option at that time and that, if desired, an attempt to receive a modification could be made after the case itself was closed. I was under a wrongful impression; however, I was not aware of this until the loan modification itself was originally requested. While I understand fully that personal error does not relieve responsibility or protect the Movant in this situation, I am hoping to provide background to the Court regardless.

I would like to convey the message that my family and I both would like to remain in our home. I do understand that we are currently delinquent (though the delinquency amount is a matter of contention) and that the Movant is seeking protection; however, I have attempted to make a good faith effort to work with the Movant to attempt to reach some form or resolution, through a loan modification or other options as available, but currently do not feel as though this effort has been reciprocated.

I also would like to convey that the Borrowers of the Note in question, Violet Fenton and I, plan on holding any future mortgage payments at this time as our last payment was not noted by the Movant in their Motion and the outcome of the Movant's Motion has not yet been determined. This lack of payment does not reflect a lack of desire to maintain residence but rather reflects the uncertainty of the present situation. If resolution of this Motion requires

payment of an available sum and if through mediation or loan modification a sustainable payment for the Borrowers is agreed to, we are willing to resume regular payments at that time.

Dated this 5th day of November, 2010.

By: _____
Justin M. Fenton
Debtor
330 Black Rock Hills Drive
Henderson, NV 89014
justin2mv@aol.com
jfenton@carollo.com